**Ernesto Enrique PAZ, Petitioner–Appellant,**

v.

**Carmen Aida Mejia DE PAZ, Respondent–Appellee.**

**No. 01–9313.**

United States Court of Appeals, Second Circuit.

Sept. 17, 2002.

David Owen, Cahill, Gordon & Reindel, New York, NY, for Appellant.

Neil Schreffler, Schreffler & Associates, New York, NY, for Appellee.

Present SOTOMAYOR, RALPH K. WINTER, Circuit Judges, and KOELTL, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Miriam G. Cederbaum, *Judge*), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Petitioner-appellant Ernesto Paz appeals from a judgment of the district court denying his petition for the return of his daughter to New Zealand pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Abduction Convention"), Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, as implemented by the International Child Abduction Remedies Act ("ICARA"), Pub.L. No. 100–300, 102 Stat. 437–42 (codified as amended at 42 U.S.C. §§ 11601–11610 (1989)).

The Abduction Convention applies when a child is wrongfully removed from the state in which she has her "habitual residence." *See* Abduction Convention art. 1, 3. If the child is not habitually resident in the country from which she was removed, there has been no wrongful removal within the meaning of the Abduction Convention's terms, and the Convention does not apply. *See id.*

Petitioner argues that respondent wrongfully removed their daughter, Jordana, from New Zealand to the United States in December 2000. The district court denied the petition, holding that Jordana was not habitually resident in New Zealand at the time she traveled to New York with respondent. The court held that Jordana was not sufficiently acclimated to her surroundings in New Zealand to support a finding of habitual residence, and further found that there was a shared parental intent that Jordana's stay in New Zealand would be temporary. *Paz v. Mejia de Paz,* 169 F.Supp.2d 254, 259 (S.D.N.Y.2001). We review the district court's factual findings for clear error, *see In re PCH Assocs.,* 949 F.2d 585, 597 (2d. Cir.1991), and we review its conclusions of law de novo, *see Zervos v. Verizon New York, Inc.,* 252 F.3d 163, 167 (2d Cir.2001); *see also Feder v. Evans–Feder,* 63 F.3d 217, 222 n. 9 (3d Cir.1995); *Mozes v. Mozes,* 239 F.3d 1067, 1073 (9th Cir.2001).

Parental intent is an important and in some cases dispositive factor in determining the habitual residence of a child. For habitual residence to be established, there generally must be a "settled purpose" for the child to live in a particular location. *See Shah v. Barnet London Borough Council,* [1983] 1 All E.R. 226, 235 (Eng.H.L.).[1] Courts addressing this issue have thus held that when a child's parents intend to prevent that child from acquiring habitual residence during a temporary

---

* The Honorable John G. Koeltl, United States District Judge for the Southern District of New York, sitting by designation.

1. The Supreme Court has instructed us that when interpreting international treaties and conventions, "the opinions of our sister signatories [are] entitled to considerable weight." *Air France v. Saks,* 470 U.S. 392, 404, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985). In addition, Congress in passing ICARA stressed "the need for a uniform international interpretation of the [Abduction] Convention." 42 U.S.C. § 11601(b)(3)(B).

stay in another country—either for a long holiday, parental sabbatical, study-abroad period, or other reason—they can generally do so by explicit intent not to create it.[2] *See, e.g., Kanth v. Kanth,* 79 F.Supp.2d 1317, 1319 (D.Utah 1999); *In re Morris,* 55 F.Supp.2d 1156, 1161–62 (D.Colo.1999); *Re A (Wardship: Jurisdiction),* [1995] 1 F.L.R. 767, 770 (Eng.Fam.Div.); *Re S (Minors) (Abduction: Wrongful Detention),* [1994] 1 F.L.R. 70 (Eng.Fam.Div.); *see also Mozes,* 239 F.3d at 1078–79.

The district court found as a factual matter that petitioner and respondent had agreed before Jordana traveled to New Zealand in early 2000 that her stay there would be a temporary one for the duration of the school year only. There is nothing in the record to suggest that the district court's findings in this regard were clearly erroneous.

Accordingly, the district court's denial of petitioner's claim under the Abduction Convention is AFFIRMED.

2. Parental intent is not always dispositive of the question of habitual residence. Intent to prevent habitual residence from forming can sometimes fail: for example, where a child "has no clearly established habitual residence elsewhere, [she] may become habitually resident even in a place where [she] was intended to live only for a limited time." *Mozes,* 239 F.3d at 1082. In addition, a parent's intent to *create* habitual residence will be unsuccessful where the factual basis for showing habitual residence does not otherwise exist. *See Friedrich v. Friedrich,* 983 F.2d 1396, 1401–02 (6th Cir.1993); *see also* Report of the Third Special Commission to Review the Operation of the Hague Convention on the Civil Aspects of International Child Abduction, at, *at* http://www.hcch.net/e/conventions/reports28e.html. These factors do not apply in the instant case.